Filed 2/16/22  Northern Cal. Collection Service v. Perez CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| NORTHERN CALIFORNIA COLLECTION SERVICE, INC., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ADRIAN PEREZ, <br><br> Defendant and Appellant. | A157907 <br><br> (Contra Costa County Super. Ct. No. MSC18-01980) |

Defendant Adrian Perez, then doing business as a sole proprietorship under the name ALP Construction (ALP), underpaid the State Compensation Insurance Fund (State Fund) by almost $100,000 for workers' compensation premiums for its 2014 policy. Sued on the debt by a collection agency, Perez argued in opposition to summary judgment that plaintiff Northern California Collection Service, Inc. (Northern) lacked standing to pursue the action because State Fund's assignment of the claim to Northern named only ALP Construction & Painting, Inc. (ALP Inc.) as the debtor (a corporate entity Perez formed after entering into the 2014 policy, which was also named in final premium bill), rather than Perez in his individual capacity or any other

1

Perez entity previously insured by State Fund. The trial court found no triable issues of material fact and granted summary adjudication on Northern's cause of action for an open book account. We affirm.

## BACKGROUND

I.     *The policies*

In February 2014 Perez, doing business as ALP Construction, purchased a workers' compensation insurance policy from State Fund. The policy, number 9089033-14, was for the period from February 13, 2014 through February 13, 2015 (the 2014 policy). Perez paid State Fund $37,008.32 in premiums for the coverage period.

The 2014 policy automatically renewed on February 13, 2015. On March 5, 2015, Perez informed State Fund that he had incorporated his business as ALP Inc. State Fund issued an endorsement changing the name of its insured from Perez as an individual to ALP Inc., effective the February 13, 2015 renewal date. The notice sent to ALP Inc. expressly stated that the endorsement did not otherwise "vary, alter, waive or extend" any policy terms, conditions, agreements or limitations. State Fund thereafter used the "ALP Inc." corporate entity's name on its correspondence and documents, even if they related to the prior coverage period for Perez's sole proprietorship as ALP.[1]

In July 2015, as a result of a standard payroll audit, State Fund billed ALP Inc. $99,769.02 in additional premiums owed on

---

[1] State Fund did not require a new application for ALP Inc.'s policy because Perez was the corporation's sole owner.

the 2014 policy. Then, effective August 28, 2015, it cancelled ALP Inc.'s policy for the 2015-2016 coverage year (the 2015 policy) for nonpayment of premiums and, in March 2016, billed ALP Inc. an additional $731.49 for coverage from February through August of 2015. In May 2016, State Fund sent a follow-up bill for the total $100,500.51 owed on both the 2014 and 2015 policies, broken down by policy year. Perez neither disputed these bills with State Fund or the Workers' Compensation Insurance Rating Bureau nor appealed them to the California Department of Insurance.

II.    *The Litigation*

In 2016, after Perez failed to make any payments, State Fund assigned the account to Northern for collection and authorized it to file suit on the account. The notice of assignment identified ALP Inc. as the insured and specified that $99,769.02 of the total $100,500.51 debt was owed for the 2014 policy and the remaining $731.49 was for the 2015 policy.

In September 2018, Northern sued Perez as an individual and in his capacity as a sole proprietor doing business as ALP for the $99,769.02 owed on the 2014 policy plus attorney fees and interest. The complaint stated two common counts, for an open book account and account stated.

In February 2019 Northern moved for summary judgment.[2] Supporting declarations from State Fund and Northern

_____

[2] Northern had obtained a default judgment in an earlier action against ALP Inc., apparently for the premiums owed on both policies, but the judgment was set aside. Northern later dismissed that action after it determined the past due account

3

personnel related the above history and attached the relevant policy declarations, endorsements, bills, payroll audit materials, and the assignment for collection.

Perez adduced no opposing evidence but argued Northern lacked standing to pursue the action against him because the assignment named, and the post-audit bill for the 2014 policy premiums was addressed and sent only to, ALP Inc., not ALP or Perez as an individual. Further, he maintained there was no evidence that State Fund had assigned any claims against Perez or ALP to Northern.

The trial court granted summary adjudication as to the first cause of action, for open book account, and declined to rule on the largely duplicative second cause of action as moot. It explained that Perez "does not dispute that the insurance policy and related contract documents from 2014 contractually obligated him to pay the final, post-audit premium due under his 2014-2015 workers' compensation insurance policy. . . . [Perez] also does not offer opposition evidence disputing the dollar amount of that final premium.

"Rather, [Perez] argues that two subsequent documents mistakenly identify his wholly owned corporation [ALP Inc.] as the insured under the 2014-2015 policy, and that those mistakes preclude his individual liability. The two documents are: (1) the

_____

consisted of two bills, one for Perez's sole proprietorship for the 2014 policy and one for ALP Inc. for 2015. It then filed the instant action against Perez for the amount owed on the 2014 policy.

4

final premium bill, dated July 27, 2015, and (2) the assignment from the insurer to plaintiff, dated June 22, 2016. . . . These arguments are unconvincing.

"With regard to the final premium bill, [Perez] does not articulate a reasoned argument as to how any technical mistake in the form of the bill somehow relieves him of contractual liability. [Perez's] liability is based on the contractual documents from 2014, and not on the July 2015 bill itself; the bill is not a contractual document.

"With regard to the assignment, the Court notes that this document expressly references the 2014-2015 policy, No. 9089033-14 (top right), as well as the precise dollar amount owed by [Perez] under the terms of that policy. . . . Further, the insurer's declarant affirmatively alleges that the insurer assigned its claim under the 2014-2015 policy to [Northern], and authorized [Northern] to commence this action against [Perez]. . . . [Perez] has not offered opposition evidence raising a triable issue of fact on this point."

Northern subsequently dismissed its second cause of action and judgment was entered against Perez. This appeal is timely.

## DISCUSSION

I.    *Legal Standards*

Summary judgment is proper when there is no triable issue as to any material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) "[T]he party moving for summary judgment bears an initial burden of production to make a prima facie showing of the

5

nonexistence of any triable issue of material fact; if he carries his burden of production, he causes a shift, and the opposing party is then subjected to a burden of production of his own to make a prima facie showing of the existence of a triable issue of material fact." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)

"The court must 'grant[ ]' the 'motion' 'if all the papers submitted show' that 'there is no triable issue as to any material fact' [citation]—that is, there is no issue requiring a trial as to any fact that is necessary under the pleadings and, ultimately, the law [citations]—and that the 'moving party is entitled to a judgment as a matter of law' [citation]. . . . In ruling on the motion, the court must 'consider all of the evidence' and 'all' of the 'inferences' reasonably drawn therefrom [citation], and must view such evidence [citations] and such inferences [citations] in the light most favorable to the opposing party." (*Aguilar v. Atlantic Richfield Co., supra*, 25 Cal.4th at p. 843.)

We review a ruling granting summary judgment de novo. (*Horn v. Cushman & Wakefield Western, Inc.* (1999) 72 Cal.App.4th 798.)

II.    *Analysis*

While Perez introduced no evidence in opposition to summary judgment, he contends material issues exist as to (1) whether he is individually liable for the outstanding 2014 premiums even though State Fund addressed the bill to ALP Inc., rather than to ALP or Perez; (2) whether State Fund's assignment of the debt for collection to Northern constituted an

6

assignment of claims against Perez as an individual under the 2014 policy; and (3) whether State Fund authorized Northern to pursue legal action against Perez as an individual. He asserts these inconsistencies demonstrate the existence of triable issues of material fact that preclude summary judgment. We disagree.

First, the documentary evidence presented at summary judgment, which Perez concedes is genuine, demonstrates Perez was the sole proprietor of ALP when it purchased the insurance policy; that, at Perez's request, the policy was transferred to the re-formed ALP, Inc., where Perez was again the sole owner; and that the debt associated with the policy was assigned to Northern.

It is clear from both the July 2015 and May 2016 bills that the $99,769.02 amount was the balance due on the 2014 policy. As the trial court noted, Perez remains liable for the billed amount because he contracted with State Fund for workers' compensation coverage for the 2014 policy year. The fact that State Fund addressed the bill to his subsequently formed, solely owned corporate entity, ALP Inc.—at the same address used for his sole proprietorship, ALP— does not change the nature of that contractual obligation. Nor does the assignment's naming of ALP Inc. rather than ALP or Perez as the insured account holder when each entity is subject to the same contractual obligation. "The law respects form less than substance." (Civ. Code, § 3528; see, e.g., *Webber* v. *Inland Empire Investments, Inc.* (74 Cal.App.4th 884, 900–901 [noting, in the context of the alter ego doctrine, that a court may disregard a corporate entity used

7

to accomplish a wrongful purpose].) In fact, State Fund's written endorsement expressly advised Perez that its agreement to change the name of its insured to ALP Inc. did not alter any of his contractual obligations.[3] There could have been no conceivable confusion or "inequit[y.]" Perez was indisputably on notice that his debt for both policy periods was assigned to Northern, and there is no "glaring contradiction," as he maintains, between the notice of assignment and State Fund's written testimony that it assigned the bill for the 2014 policy to Northern.

Second, Perez's claim that there was no evidence that State Fund assigned any claims against Perez or ALP to Northern is equally meritless. As repeatedly stated and agreed upon, the $99,769.02 amount was the balance due in connection with Perez's policy for ALP. In transferring the policy to the newly formed ALP Inc., Perez agreed that this transfer did not "vary, alter, waive or extend any of the terms, conditions, agreements, or limitations of this policy. . . ." State Fund subsequently assigned the full and same debt amount to Northern for collection and authorized it to file suit on the account. Although at oral argument Perez asserted the assignment's identification of Policy No. 0089033-15 under the heading "assignment information" meant that Northern could only pursue a claim as to that policy and ALP, Inc., he overlooks that the one-page document also

---

[3] "Nothing in this endorsement contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements, or limitations of this policy other than as stated."

identified "Policy No. 9089033-14/15" and expressly stated an outstanding amount of $99,769.02 owed for policy year 2014. We remain unpersuaded.

Perez's remaining claim that Northern is not a real party in interest with respect to its action against him in his individual capacity merely rehashes the same meritless points, so we need not address it separately. Perez cannot hide behind the company name specified in the assignment to relieve himself or his business entities of their contractual obligations, particularly when all agree ALP Inc. continues to be Perez's solely owned entity insured under the policy he originally purchased for his sole proprietorship.

In summary, our independent review confirms the trial court's determination that there were no triable issues of material fact.

## DISPOSITION

The judgment is affirmed. Northern shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

_____

Desautels, J.*

WE CONCUR:


_____

Pollak, P.J.


_____

Brown, J.


*A157907 Northern California Collection Service, Inc. v. Perez*

_____

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.